# CHARLESTON

STATE FOR THE USE OF THE ZELL GUANO CO. *v.* CHRISLIP.

Submitted September 15, 1905.    Decided November 28, 1905.

1. INJUNCTION—*Action on Bond—Declaration.*

   In an action on an injunction bond where the sale of personal property levied on under execution alone was enjoined, the condition of the bond being that plaintiffs "shall pay all such costs as may be awarded against them and also such damages as shall be incurred and sustained by the persons enjoined in case the injunction be dissolved," a declaration alleging liability to pay the judgments upon which the executions issued, there being no condition to pay the judgments, is bad on demurrer. (p. 417.)

Error to Circuit Court, Barbour County.

Action by the State, for the use of the Zell Guano Company, against E. G. Chrislip and J. N. B. Crim. Judgment for plaintiff, and defendants bring error.

*Reversed.*

Rehearing denied January 9, 1906.

M. PECK and W. T. ICE, JR., for plaintiffs in error.

S. V. WOODS, for defendant in error.

MCWHORTER, JUDGE:

This is an action of debt brought by the Zell Guano Company, a corporation, in the circuit court of Barbour county at February rules, 1892, against E. G. Chrislip and J. N. B.

Crim, defendants, on an injunction bond executed on the 25th day of February, 1889, by E. G. Chrislip, Fannie J. Chrislip and J. N. B. Crim, the said Fannie J. Chrislip being a married woman.

The bond in question is as follows:

"Know all men by these presents: That we, Ervin G. Chrislip and Fannie J. Chrislip, principals, and Joseph N. B. Crim, security, are held and firmly bound to the State of West Virginia, in the sum of five hundred dollars, the payment of which to the said State we bind ourselves, jointly and severally, and each of us binds his heirs, executors and administrators.

Witness our hands and seals this 25th day of February, 1889.

The condition of the above obligation is such, that whereas, the above bound E. G. and F. J. Chrislip have obtained from J. M. Hagans, Judge of the 2d Judicial Circuit of West Virginia, an injunction against the Zell Guano Company and others, enjoining and restraining the defendants in said injunction and every other person under them from selling the goods in said bill mentioned, and compelling said defendant Simpson to turn over to said plaintiff, the key, store house and personal property in said bill mentioned, until further order of court. Now if the said E. G. and Fannie J. Chrislip shall pay all such costs as may be awarded against them, and also such damages as shall be incurred or sustained by the persons enjoined in case the injunction be dissolved, then this obligation shall be void, otherwise to remain in full force and effect." Which bond was duly signed, sealed and acknowledged.

The defendants appearing on the 3rd day of June, 1893, and demurred to the declaration, which demurrer was overruled by the court. After the overruling of the demurrer the pleadings were made up and a jury empaneled, and after all the evidence was in the plaintiff demurred to the evidence of the defendants, in which the defendants joined and the jury returned a conditional verdict in favor of the plaintiffs against the defendants, E. G. Chrislip and J. N. B. Crim for the sum of $975.28, the amount ascertained as damages by the said conditional verdict. The defendants moved to set aside the verdict of the jury and the judgment of the court ren-

dered thereon, which motion was overruled and the defendants objected and excepted to such ruling and obtained from this Court a writ of error to such judgment, and assigned as error the overruling of defendants' demurrer to the plaintiffs' declaration, and in sustaining plaintiffs' motion to reject and strike out defendants' plea of *nil debit*, and in overruling the motion made by the defendants to set aside the verdict of the jury, and in sustaining the plaintiffs' demurrer to the defendants' evidence.

The first question to be disposed of is, that of the demurrer to the declaration, and if the declaration is insufficient it will not be necessary to look into the further assignments of error. The pleader in preparing his declaration seems to have misconceived the scope of the conditions of the bond sued upon. Section 10, chapter 133, Code, provides that: "An injunction (except  *   *   *   *  ) shall not take effect until bond be given in such penalty as the court or judge awarding it may direct, with condition to pay the judgment or decree (proceedings on which are enjoined) and all such costs as may be awarded against the party obtaining the injunction and also such damages as shall be incurred or sustained by the person enjoined in case the injunction be dissolved," etc. It will be observed from the language of the bond itself that the purpose of the injunction was not to stay proceedings on the judgments set forth in the declaration but was for the purpose of restraining the Zell Guano Company and others from selling the goods in the bill of injunction mentioned, and compelling the defendant Simpson, who was constable and had the goods in charge under executions "to turn over to said plaintiffs the key, store house and personal property in said bill mentioned until the further order of court." The condition of the bond was not that the obligors therein should pay the judgments alleged in the declaration to have been lost by reason of the injunction awarded to prevent the selling of the goods mentioned in the bill. It is not made to appear from the declaration what goods were inhibited by said injunction from being sold, or the value thereof, and no bill of particulars describing the property and its value is filed with the declaration; nor does it appear how the judgments were lost by reason of the injunction, the judgments were not destroyed thereby; nor any liens on real estate

which attached by virtue of the judgments.   Upon the dissolution of the injunction the measure of damages sustained by the plaintiffs which might be recovered on the bond, and only to the extent of the penalty thereof, would be the value of the property threatened to be sold by the defendant constable, Simpson, and the sale of which was enjoined, and the possession required, by order in the injunction case, to be turned over to the plaintiffs in said injunction bill.   The declaration alleges the dissolution of the injunction "by the order of said court entered in said cause on the 28th day of October, 1889, sitting as a court of chancery, and that costs against the said E. G. Chrislip and Fannie J. Chrislip have been awarded the said Zell Guano Co. therein to a small amount, to-wit: the sum of $19.25 as taxed by the clerk of said court according to law."   The declaration fails to show in any manner, or any where, in what court the said injunction suit was pending, and neither does it appear from the bond sued upon.   The allegation in regard to the liability of E. G. Chrislip and Fannie J. Chrislip, plaintiffs in said injunction suit, for damages in the amount paid by the plaintiffs, Zell Guano Company, for moneys paid, laid out, and expended for attorney fees by reason of said injunction and defense of the same, fails to particularize the sums paid and to whom paid for that purpose.   It is not a condition of the bond that plaintiffs should pay the judgments set out in the declaration as provided in section 10, chapter 133 Code, in case of dissolution of the injunction.

The declaration of the plaintiffs being fatally defective, the demurrer should have been sustained; therefore, the verdict is set aside, the judgment reversed and the case remanded to the circuit court of Barbour county, with leave to plaintiffs to amend their declaration, if they be so advised, and for a new trial of the case.

*Reversed.*